HEARD NOVEMBER TERM, 1876.

### TINSLEY *vs.* KIRBY.

To an action against a Constable under § 16, Chapter XXVI, of the General Statutes,
to recover ten times the amount of fees improperly charged, it is no defense that
the costs had been taxed by a Trial Justice and included in an execution by the
plaintiff.

BEFORE NORTHROP, J., AT SPARTANBURG, AUGUST, 1876.

This was an action by Thomas A. Tinsley against Marcus Kirby,
to recover ten times the amount of fees alleged to have been un-
lawfully charged by the defendant, as Constable, against the plain-
tiff.

The case was as follows:

The plaintiff had been prosecuted before a Trial Justice for as-
sault and battery—had been convicted and sentenced to pay a fine
of five dollars.

An execution was issued by the Trial Justice for the fine and thirty-seven dollars and eighty cents costs, of which amount fifteen dollars and ninety-five cents were taxed for the defendant as his costs.

The execution was issued in September, 1874, and shortly thereafter the defendant collected from the plaintiff the amount thereof, and also two dollars and seventy cents as costs of increase.

The case was referred to a Referee, who found that the defendant had collected from the plaintiff ten dollars and ninety-six cents in excess of the amount of Constables' costs to which he was rightfully entitled. No exception was taken to the report, but His Honor the presiding Judge ruled that the defendant was not responsible to the plaintiff in this action, on the ground that the costs had been taxed by the Trial Justice and included in an execution against the plaintiff. He accordingly made an order that the complaint be dismissed.

The plaintiff appealed.

*Thomson,* for appellant.

*Fleming,* contra.

April 17, 1877.   The opinion of the Court was delivered by

WRIGHT, A. J.   The appellant was convicted for assault and battery in the Court of a Trial Justice, and sentenced to pay a fine of five dollars and costs.   The respondent, who was the Constable of the Trial Justice, stated to the Justice the amount of his fees, and the Justice issued his execution for the same, which amount respondent (as Constable) collected from appellant with the additional sum of two dollars and seventy cents more than the execution called for.   The law clearly defines what the amount of Constables' fees shall be.   Section 16 of Chapter XXVI, p. 208, of the General Statutes is as follows: "If any Constable shall charge any other fees, or for any other service, than herein allowed, such Constable shall be liable to forfeit to the party injured ten times the amount of excess of fees so improperly charged, to be recovered by suit in the Court of Common Pleas."

The appellant claimed that the respondent, as Constable, had collected from him unlawful fees, and charged for services not allowed by law, and brought this action in the Court of Common

Pleas for ten times the amount of the excess charged and collected of him by respondent. The issue was referred to a Referee, who found that the respondent had collected ten dollars and ninety-six cents ($10.96) in excess of what he was entitled to as Constable in the case. No exceptions being taken to the report of the Referee, the appellant was entitled to judgment for the amount claimed in his complaint, and the Court below should have so held. The object of the statute under which this action was brought is to prevent just such cases of extortion, oppression and injury as were perpetrated upon the appellant in this case. An execution issued by a Trial Justice cannot nullify a statute nor shield a Constable from the consequences of doing an act which the law plainly forbids. It was error to dismiss the complaint.

The motion must be granted.

*Willard*, A. J., concurred.